UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**UNITED STATES OF AMERICA**,

   Plaintiff,

v.                                                                                  No. 4:23-cr-0036-P

**CHRISTOPHER GLEN MASON**,

   Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss Count 1 of his Indictment (ECF No. 17). In support, Defendant asserts that 18 U.S.C. § 922(g)(1) is unconstitutional under Congress's commerce power and the Second Amendment.

### A. Congress's Commerce Power and § 922(g)(1)

*First*, Defendant argues that 18 U.S.C. § 922(g)(1), which prohibits the possession of firearms by convicted felons, exceeds the scope of Congress's power to regulate interstate commerce.

The Fifth Circuit and other circuit courts have consistently upheld § 922(g)(1)'s constitutionality as a proper exercise of Congress's commerce power. *See United States v. Alcantar*, 733 F.3d 143 (5th Cir. 2013); *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001) (collecting cases holding that § 922(g)(1) is a valid exercise of the commerce power); *United States v. Gateward*, 84 F.3d 670, 672 (3d Cir. 1996) ("We therefore join eight courts of appeal upholding the constitutionality of § 922(g)(1) as a valid exercise of the commerce power.").

Defendant cites no authority that holds to the contrary. ECF No. 17. He even concedes that Fifth Circuit precedent squarely opposes his assertion. *Id.* at 5. Thus, Defendant's argument that § 922(g)(1) exceeds the scope of Congress's commerce power fails.

## B. The Second Amendment and § 922(g)(1)

*Second*, Defendant argues that § 922(g)(1) violates the Second Amendment in light of the Supreme Court's recent decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S.Ct. 2111 (2022). *Bruen*, holding that a restriction on firearm possession must square with "this Nation's historical tradition of firearm regulation," reformulated the applicable legal test courts must use in determining whether restrictions on a law-abiding citizen's possession of a firearm are constitutional. *Bruen*, 142 S.Ct. at 2117. Defendant argues there is a lack of historical evidence that the United States has a tradition of prohibiting or regulating the possession of firearms by convicted felons. ECF No. 17 at 9.

The Second Amendment was widely understood to codify a pre-existing right, not grant a new one. *District of Columbia v. Heller*, 554 U.S. 570, 603 (2008). But that right has never been unlimited. *Id.* at 626. Indeed, the United States has a long history of categorically restricting the possession or ownership of firearms, spanning from its colonial era through present day. *See* Robert J. Spitzer, *Gun Law History in the United States and Second Amendment Rights,* 80 LAW & CONTEMP. PROBS. 55 (2017) (examining the history and development of U.S. gun laws and regulations by category). Some estimates indicate that there were no fewer than eleven laws among the colonies—predating the ratification of the Constitution—regulating or prohibiting the possession of firearms by convicted felons, other "criminals," or non-citizens. *Id.* at 60. This history of allowing only those citizens who are "law-abiding" to own or possess firearms is what the Court in *Heller* and *Bruen* left undisturbed. *See Heller*, 554 U.S. at 626 ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons."); *Bruen*, 142 S.Ct. at 2157 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm . . . [n]or have we disturbed anything that we said in *Heller* . . . about restrictions that may be imposed on the possession or carrying of guns.").

The Fifth Circuit has held that restrictions prohibiting convicted felons from possessing firearms do not violate the Second Amendment. *United States v. Massey*, 849 F.3d 262, 265 (5th Cir. 2017); *United States v. Scroggins*, 599 F.3d 433, 451 (5th Cir. 2010); *United States v. Jordan*, Case No. EP-22-CR-01140-DCG-1, 2023 WL 157789 (W.D. Tex. Jan. 11, 2023) (citing *United States v. Everist*, 368 F.3d 517, 519 (5th Cir. 2004)). *Bruen* did not change that fundamental premise. And this Court is bound by Fifth Circuit precedent and is "'not free to overturn' the Fifth Circuit's pre-*Bruen* decisions upholding Section 922(g)(1)." *Jordan*, 2023 WL 157789, at *7 (quoting *In re Bonvillian Marine Service, Inc.*, 19 F. 4th 787, 789-90 (5th Cir. 2021). Therefore, this Court need not conduct an exhaustive evaluation of Defendant's Second Amendment argument because this Court remains bound by circuit precedent as to § 922(g)(1).

This Court is keenly aware of a recent decision by the Fifth Circuit holding that 18 U.S.C. § 922(g)(8)—prohibiting the possession of a firearm by the subject of a domestic violence restraining order—is no longer constitutional under *Bruen*. *See United States v. Rahimi*, ___ F.4th ___, 2023 WL 2317796 (5th Cir. 2023). But § 922(g)(8) prohibits firearm possession by a class of persons subject to a court order but not *yet* convicted of a felony. So, *Rahimi* dealt with a firearms prohibition applied to a different subclass of individuals with different legal interests in its crosshairs. The issue here, however, is whether it is constitutional to prohibit *already convicted felons* from possessing firearms. This Court must hold that it is.

Thus, Defendant's argument that § 922(g)(1) violates the Second Amendment also fails.

## CONCLUSION

Because 18 U.S.C. § 922(g)(1) is constitutional under both Congress's Commerce Power and the Second Amendment, this Court **ORDERS** that Defendant's Motion (ECF No. 17) is **DENIED**.

**SO ORDERED** on this **21st day of March 2023.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE